IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROZITA GHORBANI *et al.*,        *
                                 *
    Plaintiffs,              *
                                 *
v.                               *   Civil Action No. 8:24-cv-03268-PX
                                 *
                                 *
EREK L. BARRON *et al.*,         *
                                 *
    Defendants.              

******

**MEMORANDUM OPINION**

    Pending is Defendants United States Attorney for the District of Maryland Erek L. Barron, United States Attorney General Pamela Bondi, Director of United States Citizenship and Immigration Services ("USCIS") Ur Mendoza Jaddou, and Secretary of Homeland Security Alejandro Mayorkas (collectively, "Defendants")' motion to dismiss pro se Plaintiffs Rozita Ghorbani ("Ghorbani"), and her family members Hassan Niazi, Diba Niazi and Ali Niazi (collectively, "Plaintiffs")' Amended Complaint.  ECF No. 18. The Court finds no need for a hearing. *See* D. Md. Loc. R. 105.6.  For the following reasons, the motion is granted, and the Complaint is dismissed with prejudice.

    **I.**    **Background**

    On January 13, 2023, USCIS granted Plaintiffs' asylum. ECF No. 17 ¶ 9.  Plaintiffs next filed for permanent residency on October 9, 2023, via I-485 residency applications. *Id.* ¶ 10.  While the I-485 applications were pending, Ghorbani filed an initial Petition for writ of mandamus on November 12, 2024, seeking to compel USCIS to process the applications.  ECF No. 1 at 2.  As grounds, Ghorbani cited her

need for resolution of the I-485 application or risk losing title to family property in Iran pursuant to Iranian law.  ECF No. 1 at 2–3.

In March of this year, USCIS approved the I-485 applications which granted them permanent residency status.  ECF No. 13-1 at 1; ECF No. 13; ECF No. 15 at 1.  In response, Ghorbani moved to file an "Amended Complaint" to add her family members as parties,[1] and to now aver that Defendants should declare the date of Plaintiffs' permanent residency to be from the date they were granted asylum, not the statutorily required date of one year prior to the grant of permanent residency.  ECF No. 17.[2]  Plaintiffs more specifically allege that selection of the latter date amounts to an "arbitrary, capricious, and unlawful" act, thus violating 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act ("APA") (Count I) and the Due Process Clause of the Fifth Amendment to the United States Constitution (Count II).  Plaintiffs also allege that Defendants' "unreasonable conduct" has caused severe emotional distress and financial harm (Count III).

Defendants move to dismiss the Amended Complaint for lack of sufficiency.  ECF No 18.  Based on the following, the motion is granted.

**II.    Standard of Review**

Although Defendants do not expressly seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), they do argue that the claim fails as a matter of law.  ECF No. 18 at 4 ("Ms. Ghorbani's request to change these dates to earlier dates based upon when their asylum was granted has no legal support[.]").  Accordingly, the Court will construe the motion as one brought pursuant to Rule 12(b)(6).  Such a motion tests the legal sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.

---

[1] Defendants do not object to Plaintiffs' motion to file an Amended Complaint, ECF No. 16, and have instead moved to dismiss the amended claims.  ECF No. 18.  Accordingly, the Court grants the motion to amend at ECF No. 16 and denies as moot the Defendants' motion to dismiss the original Petition, ECF No. 13.  *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'").

[2] Understandably, Plaintiffs urge the earlier date ostensibly to expedite the naturalization process.  *See* 8 U.S.C. § 1427(a) & 8 C.F.R. § 316.2 (prerequisite of naturalization is for applicant to have been a lawful permanent resident for at least five years).

2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Court must be able to deduce "more than the mere possibility of misconduct"; the complaint facts must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

Because Plaintiffs proceed pro se, the Court must read the Amended Complaint charitably and let all potentially viable claims proceed on the merits. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a *pro se* [pleading] must be dismissed if it does not allege a 'plausible claim for relief.'" *Forquer v. Schlee*, No. CIV.A. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679). With this standard in mind, the Court considers each count separately.

### III. Analysis

#### a. Violation of the APA (Count I)

Count I alleges that Defendants' failure to use the date of Plaintiffs' asylum grant—January 2023—as the date of permanent residency amounts to an arbitrary and capricious decision, in violation of the APA. But as Defendants rightly point out, the chosen effective date of Plaintiffs' residency comports with § 209(b) of the INA, *see* 8 U.S.C. § 1159(b). Once the I-485 application is approved, "the Attorney General *shall* establish a record of the alien's admission for lawful permanent residence as of the date *one*

*year before the date of the approval of the application.*" (emphasis added). *See also* 8 C.F.R. § 209.2(f) ("[i]f the application is approved, USCIS will record the alien's admission for lawful permanent residence as of the date *one year before the date of the approval of the application*, but not earlier than the date of the approval for asylum in the case of an applicant approved under paragraph (a)(2) of this section.") (emphasis added); USCIS Policy Manual, Chapter 5 – Adjudication Procedures (2025).[3] By law, USCIS must record Plaintiffs' residency date as it did. ECF No. 18. Thus, to the extent Plaintiffs challenge the refusal to choose a residency date other than what the law requires, that choice cannot amount to an APA violation. *Sierra Club v. Dep't of the Interior*, 899 F.3d 260, 293 (4th Cir. 2018) (quoting *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). *See also FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

Plaintiffs, however, also seem to argue that Defendants violated the APA in failing to adjudicate the I-485 application within one year of submission. ECF No. 17 at ¶ 18. But nothing in the INA places any time constraints on such adjudication. Nor can the Court consider the delay in this case to be particularly unreasonable. *Cf. Mokuolu v. Mayorkas*, CV No. RDB-24-917, 2024 WL 4783542, at *3, *8 (D. Md. Oct. 1, 2024) (30-month delay in adjudicating I-485 application not unreasonable). Accordingly, USCIS has not acted "unreasonabl[y] as a matter of law," nor has there been a "clear error of judgment," or a departure from prior policy that supports a finding that the agency acted arbitrarily or capriciously. *See Friends of Back Bay v. U.S. Army Corps of Eng'rs*, 681 F.3d 581, 587 (4th Cir. 2012). Count I, therefore, must be dismissed.

  b. **Violation of Due Process (Count II)**

Next, as to Count II, Plaintiffs contend Defendants violated their due process rights by "mishandling their immigration benefits without fair procedure or adequate justification." ECF No. 17 at

---

[3] Available at https://www.uscis.gov/policy-manual/volume-7-part-m-chapter-5.

2. The Due Process clause guarantees that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. To succeed on a due process claim, the plaintiff must show that he possesses "a constitutionally cognizable life, liberty, or property interest"; that he was deprived of that interest because of "some form of state action"; and "that the procedures employed were constitutionally inadequate." *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013).

When viewing the pleading facts most favorably to Plaintiffs, nothing makes plausible that Plaintiffs retain a property or liberty interest in the expedited adjudication of their I-485 applications, nor have they shown such an interest in their "resident since" dates. "In order for a statute to create a vested liberty or property interest giving rise to procedural due process protection, it must confer more than a mere expectation (even one supported by consistent government practice) of a benefit." *Mallette v. Arlington County Employees' Supplemental Ret. Sys. II*, 91 F.3d 630, 635 (4th Cir. 1996). The statute must direct entitlement to the benefit and "'limit meaningfully the discretion of the decision-makers.'" *Id.* (quoting *Bd. of Pardons v. Allen*, 482 U.S. 369, 382 (1987) (O'Connor, J., dissenting))." *See also Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972) (requiring a showing of "more than an abstract need or desire," but rather "a legitimate claim of entitlement to it.")).

That is not this. Pursuant to 8 U.S.C. § 1159(b), USCIS retains discretion to grant or deny Plaintiffs' I-485 applications. Nothing about the statute confers on Plaintiffs an entitlement cognizable under the Due Process clause. *See* 8 U.S.C. § 1159(b) ("The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's *discretion* and under such regulations as the Secretary or the Attorney General may prescribe, *may* adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum[.]") (emphasis added). *See also Cruzaldovinos v. Holder*, 539 F. App'x 225, 227–28 (4th Cir. 2013) ("It is well established in this circuit that an alien cannot predicate a due process claim on alleged infirmities in the adjudication of an

5

application for discretionary relief.") (citing *Dekoladenu v. Gonzales*, 459 F.3d 500, 508 (4th Cir. 2006), *overruled on other grounds by Dada v. Mukasey*, 554 U.S. 1 (2008)) ("No property or liberty interest can exist when the relief sought is discretionary."). By the same token, neither are Plaintiffs "entitled" to an earlier "resident since" date as that request runs contrary to law. Thus, Count II also fails.

### c. Emotional Distress and Financial Harm (Count III)

Last, Plaintiffs aver that Defendants' "unreasonable conduct" caused them "severe emotional distress, exacerbation of mental and physical health issues, and financial losses directly resulting from Defendants' unreasonable conduct." ECF No. 17 ¶ 20. This barebones allegation also fails. Defendants adhered to the statutory and regulatory requirements pertinent to Plaintiffs I-485 applications. Thus, whatever harm, financial or otherwise, that flowed from the process cannot be laid at the Defendants' feet. Count III must be dismissed.

### IV. Dismissal With or Without Prejudice

This Court retains broad discretion to dismiss claims with or without prejudice. *Weigel v. Maryland*, 950 F. Supp. 2d 811, 826 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, where a plaintiff has not previously amended the complaint, dismissal without prejudice may be appropriate. *King v. Rubenstein*, 825 F.3d 206, 225 (4th Cir. 2016). But where the plaintiff amended the pleading and the defects nonetheless remain, dismissal with prejudice is warranted. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Likewise, if the claim is so hopelessly flawed that no amount of amendment could cure the pleading defects, the Court need not grant plaintiff another attempt at amendment. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (no abuse of discretion in dismissing complaint with prejudice where "amendment would be futile in light of the fundamental deficiencies in plaintiffs' theory of liability"); *see also Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Foy v Giant Food Inc.*,

6

298 F.3d 284, 291 (4th Cir. 2002) (dismissal with prejudice proper where claims clearly are time-barred from the face of the complaint).

When viewing the complaint facts most favorably to Plaintiffs, the claims lack any foundation in the law.  *See* ECF Nos. 13 & 17.  Plaintiffs have no entitlement to an earlier residency date; nor can they plausibly allege that the delay in adjudicating their I-485 applications gives rise to a cause of action. Allowing amendment under these circumstances would unnecessarily prolong the expense of fruitless litigation and amount to an exercise in futility.  Thus, the claims are dismissed with prejudice.

### V.     Conclusion

For the reasons discussed above, the motion to dismiss is GRANTED.  The Amended Complaint is dismissed with prejudice.  A separate Order follows.

12/3/2025  
Date

/s/  
Paula Xinis  
United States District Judge